1  ANDRÉ BIROTTE JR.
   United States Attorney
2  DENNISE D. WILLETT
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   TERRI K. FLYNN (2043902)
4  DOUGLAS F. McCORMICK (180415)
   Assistant United States Attorneys
5       411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
6       Telephone: (714) 338-3592
        Facsimile: (714) 338-3561
7       E-mail:  Terri.K.Flynn@usdoj.gov

8  Attorneys for Plaintiff
   United States of America

9

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                   SOUTHERN DIVISION

13  UNITED STATES OF AMERICA,   ) SA CR 08-280-JVS
                                )
14          Plaintiff,          ) JOINT PROPOSED JURY INSTRUCTIONS
                                ) AND DISPUTED PROPOSED JURY
15          v.                  ) INSTRUCTIONS
                                )
16  SALVADOR REYES VERA, and    ) [ANNOTATED SET]
    ARMANDO REYES VERA,         )
17                              )
            Defendants.         ) Trial Date:   January 17, 2012
18  _____    ) Trial Time:   8:30 a.m.

19

20

21       Plaintiff United States of America, by and through its

22  counsel of record, the United States Attorney for the Central

23  District of California, defendant SALVADOR REYES VERA, by

24  through his counsel of record, John D. Early, and defendant

25  ARMANDO REYES VERA, by and through his counsel of record, Richard

26  M. Callahan, Jr., hereby submit the following proposed joint jury

27

28

1   instructions.  All counsel reserve the right to make objections
2   or propose new language to the proposed jury instructions
3   depending on the evidence presented at trial.
4   DATED: January 10, 2012          Respectfully submitted,

5                                    ANDRÉ BIROTTE JR.
                                     United States Attorney
6
                                     DENNISE D. WILLETT
7                                    Assistant United States Attorney
                                     Chief, Santa Ana Branch Office
8

9                                    /s/
                                     _____
                                     TERRI K. FLYNN
10                                   DOUGLAS F. McCORMICK
                                     Assistant United States Attorneys
11
                                     Attorneys for Plaintiff
12                                   United States of America

13
     DATED: January 10, 2012          LAW OFFICES OF JOHN D. EARLY
14

15
                                     /s/
16                                   _____
                                     JOHN D. EARLY
17
                                     Attorney for Defendant
18                                   SALVADOR REYES VERA

19   DATED: January 10, 2012          LAW OFFICES OF RICHARD M. CALLAHAN,
                                     JR.
20

21
                                     /s/
22                                   _____
                                     RICHARD M. CALLAHAN, JR.
23
                                     Attorney for Defendant
24                                   ARMANDO REYES VERA

25

26

27

28

                                      2

## INDEX OF JOINT PROPOSED AND DISPUTED JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 1 | Duty of Jury | Ninth Circuit Model Criminal Jury Instruction No. 1.1 (2010) | 1 |
| 2 | The Charge-Presumption of Innocence | Ninth Circuit Model Criminal Jury Instruction No. 1.2 (2010) | 2 |
| 3 | What Is Evidence | Ninth Circuit Model Criminal Jury Instruction No. 1.3 (2010) | 3 |
| 4 | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instruction No. 1.4 (2010) | 4 |
| 5 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instruction No. 1.5 (2010) | 5 |
| 6 | Ruling on Objections | Ninth Circuit Model Criminal Jury Instruction No. 1.6 (2010) | 6 |
| 7 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instruction No. 1.7 (2010) | 7 |
| 8 | Consideration of Evidence-Conduct of the Jury | Ninth Circuit Model Criminal Jury Instruction No. 7.2 (2010) | 8-9 |
| 9 | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instruction No. 1.8 (2010) | 10-11 |
| 10 | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instruction No. 1.9 (2010) | 12 |
| | | | |

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 11 | Taking Notes | Ninth Circuit Model Criminal Jury Instruction No. 1.10 (2010) | 13 |
| 12 | Outline of Trial | Ninth Circuit Model Criminal Jury Instruction No. 1.11 (2010) | 14 |
| 13 | Cautionary Instruction-First Recess | Ninth Circuit Model Criminal Jury Instruction No. 2.1 (2010) | 15 |
| 14 | Bench Conferences and Recesses | Ninth Circuit Model Criminal Jury Instruction No. 2.2 (2010) | 16 |
| 15 | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instruction No. 2.4 (2010) | 17 |
| 16 | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instruction No. 2.7 (2010) | 18 |
| 17 | Transcript of Recording in Foreign Language | Ninth Circuit Model Criminal Jury Instruction No. 2.8 (2010) | 19 |
| 18 | Duties of Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instruction No. 3.1 (2010) | 20 |
| 19 | Charge Against Defendant Not Evidence-Presumption of Innocence-Burden of Proof | Ninth Circuit Model Criminal Jury Instruction No. 3.2 (2010) | 21 |
| 20 | Defendant's Decision Not to Testify | Ninth Circuit Model Criminal Jury Instruction No. 3.3 (2010) | 22 |
| 21 | Defendant's Decision to Testify | Ninth Circuit Model Criminal Jury Instruction No. 3.4 (2010) | 23 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 22 | Reasonable Doubt—Defined | Ninth Circuit Model Criminal Jury Instruction No. 3.5 (2010) | 24 |
| 23 | What Is Evidence | Ninth Circuit Model Criminal Jury Instruction No. 3.6 (2010) | 25 |
| 24 | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instruction No. 3.7 (2010) | 26 |
| 25 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instruction No. 3.8 (2010) | 27 |
| 26 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instruction No. 3.9 (2010) | 28 |
| 27 | Separate Consideration of Multiple Counts - Multiple defendants | Ninth Circuit Model Criminal Jury Instruction No. 3.13 (2010) | 29 |
| 28 | Jury to be Guided by Official English Translation/ Interpretation | Ninth Circuit Model Criminal Jury Instruction No. 3.19 (2010) | 30 |
| 29 | Statements by Defendant | Ninth Circuit Model Criminal Jury Instruction No. 4.1 (2010) | 31 |
| 30 | Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea | Ninth Circuit Model Criminal Jury Instruction No. 4.9 (2010) | 32 |
| 31 | Government's Use of Undercover Agents and Informants | Ninth Circuit Model Criminal Jury Instruction No. 4.10 (2010) | 33 |
| | | | |

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 32 | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instruction No. 4.14 (2010) | 34 |
| 33 | Controlled Substance—Conspiracy to Distribute or Manufacture (21 U.S.C. §§ 841(a) and 846) | Ninth Circuit Model Criminal Jury Instruction No. 9.19 (2011) | 35-36 |
| 34 | Conspiracy—Knowing of and Association with Other Conspirators | Ninth Circuit Model Criminal Jury Instruction No. 8.23 (2010) | 37 |
| 35 | Controlled Substance-Employment of Minor to Violate Drug Laws (21 U.S.C. §§ 841(a)(1) and 861(a)(1)) | Ninth Circuit Model Criminal Jury Instruction No. 9.25 (2010) | 38 |
| 36 | Controlled Substance-Possession With Intent to Distribute (21 U.S.C. § 841(a)(1)) | Ninth Circuit Model Criminal Jury Instruction No. 9.15 (2010) | 39-40 |
| 37 | Possession-Defined | Ninth Circuit Model Criminal Jury Instruction No. 3.17 (2010) | 41 |
| 38 | Knowingly—Defined | Ninth Circuit Model Criminal Jury Instruction No. 5.6 (2010) | 42 |
| 39 | Determining Amount of Controlled Substance | Ninth Circuit Model Criminal Jury Instruction No. 9.16 (2010); U.S.S.G. § 1B1.3(a)(1)(A) and (B), app. Note 2 (Nov. 2011 ed.) | 43-45 |
| 40 | Heroin, Cocaine, Cocaine Base, Methamphetamine-controlled substances | 21 U.S.C. § 812 | 46 |
| 41 | "On or About"-Explained | 1A O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 13.05 (6th ed. 2008) | 47 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 42 | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instruction No. 7.1 (2010) | 48 |
| 43 | Consideration of Evidence—Conduct of the Jury | Ninth Circuit Model Criminal Jury Instruction No. 7.2 (2010) | 49-50 |
| 44 | Use of Notes | Ninth Circuit Model Criminal Jury Instruction No. 7.3 (2010) | 51 |
| 45 | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instruction No. 7.4 (2010) | 52 |
| 46 | Verdict Form | Ninth Circuit Model Criminal Jury Instruction No. 7.5 (2010) | 53 |
| 47 | Communication with Court | Ninth Circuit Model Criminal Jury Instruction No. 7.6 (2010) | 54 |
|  | **DISPUTED INSTRUCTIONS** |  | 55 |
| 1 | Conspiracy-Inferred<br><br>**Proposed by Government** | United States v. Ortega, 203 F.3d 675, 683 (9th Cir. 2000); United States v. Kiriki, 756 F.2d 1449, 1453 (9th Cir. 1985); United States v. Becker, 720 F.2d 1033, 1035 (9th Cir. 1983). | 56 |
| 2 | Conspiracy-Government Not Required to Prove Overt Act<br><br>**Proposed by Government** | United States v. Shabani, 513 U.S. 10 (1994) | 60 |
| 3 | Proof of Knowledge or Intent<br><br>**Proposed by Government** | 1A O'Malley, et al., Federal Jury Practice and Instructions, § 17.07 (5th ed. 2000) | 62 |

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 1

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

Ninth Circuit Model Criminal Jury Instruction No. 1.1 (2010)
[Duty of Jury]

1

1                         COURT'S INSTRUCTION NO. _____

2                   JOINT PROPOSED INSTRUCTION NO. 2

3       This is a criminal case brought by the United States

4 government.  The government charges the defendants in Count One

5 of the Superseding Indictment with conspiracy to distribute and

6 possession with the intent to distribute heroin, cocaine, cocaine

7 base, and methamphetamine.  The government charges defendant

8 Salvador Reyes Vera in Count Two of the Superseding Indictment

9 with employment of a minor to violate the drugs laws,

10 specifically to possess with intent to distribute cocaine base.

11 The government charges defendant Armando Reyes Vera in Count

12 Three of the Superseding Indictment with employment of a minor to

13 violate the drugs laws, specifically to possess with intent to

14 distribute cocaine.  The charges against the defendant are

15 contained in the Superseding Indictment.  The Superseding

16 Indictment simply describes the charges the government brings

17 against the defendant.  The Superseding Indictment is not

18 evidence and does not prove anything.

19       The defendant has pleaded not guilty to the charges and is

20 presumed innocent unless and until the government proves the

21 defendant guilty beyond a reasonable doubt.  In addition, the

22 defendant has the right to remain silent and never has to prove

23 innocence or to present any evidence.

24

25

26     Ninth Circuit Model Criminal Jury Instruction No. 1.2 (2010)

27     [The Charge—Presumption of Innocence]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instruction No. 1.3 (2010)

[What Is Evidence]

3

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)  statements and arguments of the attorneys;

(2)  questions and objections of the attorneys;

(3)  testimony that I instruct you to disregard; and

(4)  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instruction No. 1.4 (2010)

[What Is Not Evidence]

4

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction No. 1.5 (2010) [Direct and Circumstantial Evidence]

5

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instruction No. 1.6 (2010)
[Ruling on Objections]

6

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Ninth Circuit Model Criminal Jury Instruction No. 1.7 (2010)
[Credibility of Witnesses]

7

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, Facebook, Twitter, or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

/ / /

/ / /

(Page One of Two)

8

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instruction No. 7.2 (2010)

[Consideration of Evidence—Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you

(Page One of Two)

10

have been ordered not to discuss the matter and to report the
contact to the court.

Because you will receive all the evidence and legal
instruction you properly may consider to return a verdict:   do
not read, watch, or listen to any news or media accounts or
commentary about the case or anything to do with it; do not do
any research, such as consulting dictionaries, searching the
Internet or using other reference materials; and do not make any
investigation or in any other way try to learn about the case on
your own.

The law requires these restrictions to ensure the parties
have a fair trial based on the same evidence that each party has
had an opportunity to address.  A juror who violates these
restrictions jeopardizes the fairness of these proceedings, and a
mistrial could result that would require the entire trial process
to start over.  If any juror is exposed to any outside
information, please notify the court immediately.

(Page Two of Two)

Ninth Circuit Model Criminal Jury Instruction No. 1.8 (2010)

[Conduct of the Jury]

11

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instruction No. 1.9 (2010)

[No Transcript Available to Jury]

12

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instruction No. 1.10 (2010) [Taking Notes]

13

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instruction No. 1.11 (2010) [Outline of Trial]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Ninth Circuit Model Criminal Jury Instruction No. 2.1 (2010)
[Cautionary Instruction—First Recess]

15

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Ninth Circuit Model Criminal Jury Instruction No. 2.2 (2010)

[Bench Conferences and Recesses]

16

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

Ninth Circuit Model Criminal Jury Instruction No. 2.4 (2010)

[Stipulations of Fact]

17

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

You are about to hear a recording that has been received in evidence.  A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say.  Remember that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  Listen carefully; the transcript will not be available during your deliberations.

Ninth Circuit Model Criminal Jury Instruction No. 2.7 (2010)
[Transcript of Recording in English]

18

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

You are about to hear a recording, part of which is in the
Spanish language.  A transcript of the recording has been
admitted into evidence.  The transcript of the Spanish-language
portion of the recording is an official English-language
translation.

Although some of you may know the Spanish language, it is
important that all jurors consider the same evidence.  Therefore,
you must accept the English translation contained in the
transcript even if you would translate it differently.

Ninth Circuit Model Criminal Jury Instruction No. 2.8 (2010)
[Transcript of Recording in Foreign Language] (modified for
recording only partially in foreign language)

19

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instruction No. 3.1 (2010)

[Duties of Jury to Find Facts and Follow Law]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

The Superseding Indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves each defendant guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction No. 3.2 (2010) [Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

[IF APPLICABLE]

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

Ninth Circuit Model Criminal Jury Instruction No. 3.3 (2010)

[Defendant's Decision Not to Testify]

22

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

[IF APPLICABLE]

Defendant [Salvador Reyes Vera] {Armando Reyes Vera} has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instruction No. 3.4 (2010)

[Defendant's Decision to Testify]

23

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instruction No. 3.5 (2010)

[Reasonable Doubt—Defined]

24

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instruction No. 3.6 (2010)

[What Is Evidence]

25

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any  testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instruction No. 3.7 (2010)

[What Is Not Evidence]

26

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction No. 3.8 (2010)

[Direct and Circumstantial Evidence]

27

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instruction No. 3.9 (2010)

[Credibility of Witnesses]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

A separate crime is charged against one or more defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each count separately. Your verdict on any count as to either defendant should not control your verdict on any other count or as to either defendant.

All the instructions apply to each defendant and to each count.

Ninth Circuit Model Criminal Jury Instruction No. 3.13 (2010) [Separate Consideration of Multiple Counts - Multiple Defendants]

1        COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 28

3    The Spanish language has been used during this trial.

4    The evidence you are to consider is only that provided

5 through the official translation.  Although some of you may know

6 the Spanish language, it is important that all jurors consider

7 the same evidence.  Therefore, you must accept the evidence

8 presented in the English translations and disregard any different

9 meaning.

26   Ninth Circuit Model Criminal Jury Instruction No. 3.19

27   (2010) [Jury to be Guided by Official English

28   Translation/Interpretation]

30

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In make those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instruction No. 4.1 (2010)

[Statements by Defendant]

31

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

You have heard testimony from Gerardo Reyes, a witness who received benefits from the government in connection with this case.

For this reason, in evaluating the testimony of Gerardo Reyes, you should consider the extent to which or whether his testimony may have been influenced by this factor.  In addition, you should examine the testimony of Gerardo Reyes with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instruction No. 4.9 (2010) [Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea]

32

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

You have heard testimony from an informant who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

Ninth Circuit Model Criminal Jury Instruction No. 4.10
(2010) [Government's Use of Undercover Agents and
Informants]

33

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instruction No. 4.14 (2010) [Opinion Evidence, Expert Witness]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 33

3      The defendants are charged in Count One of the Superseding

4  Indictment with conspiracy to distribute and possess with the

5  intent to distribute heroin, cocaine, cocaine base, and

6  methamphetamine, in violation of Section 841(a) and Section 846

7  of Title 21 of the United States Code.  In order for the

8  defendants to be found guilty of that charge, the government must

9  prove each of the following elements beyond a reasonable doubt:

10         First, beginning on or about a date unknown, but at

11     least as early as April 2007, and ending on or about October

12     16, 2008, there was an agreement between two or more persons

13     to distribute heroin, cocaine, cocaine base, or

14     methamphetamine; and

15         Second, the defendant joined in the agreement knowing

16     of its purpose and intending to help accomplish that

17     purpose.

18     "To distribute" means to deliver or transfer possession of

19  cocaine to another person, with or without any financial interest

20  in that transaction.

21     A conspiracy is a kind of criminal partnership—an agreement

22  of two or more persons to commit one or more crimes.  The crime

23  of conspiracy is the agreement to do something unlawful; it does

24  not matter whether the crime agreed upon was committed.

25     For a conspiracy to have existed, it is not necessary that

26  the conspirators made a formal agreement or that they agreed on

27  every detail of the conspiracy.  It is not enough, however, that

28                   (Page One of Two)

                          35

they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the Superseding Indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

(Page Two of Two)

Ninth Circuit Model Criminal Jury Instruction No. 9.19 (2011) [Controlled Substance—Conspiracy to Distribute or Manufacture (21 U.S.C. §§ 841(a) and 846)]

36

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Ninth Circuit Model Criminal Jury Instruction No. 8.23 (2010) [Conspiracy—Knowing of and Association with Other Conspirators]

37

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

Defendant Salvador Reyes Vera is charged in Count Two of the Superseding Indictment with employment of a minor to violate the drugs laws, specifically to possess with intent to distribute cocaine base, in violation of Section 841(a) and Section 861(a)(1) of Title 21 of the United States Code.  Defendant Armando Reyes Vera is charged in Count Three of the Superseding Indictment with employment of a minor to violate the drugs laws, specifically to possess with intent to distribute cocaine, in violation of Section 841(a) and Section 861(a)(1) of Title 21 of the United States Code.  In order for each defendant to be found guilty of the charge against him, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly hired, used, persuaded, coerced, induced, enticed, or employed Raymond VERA, aka Ramon Vera, aka "Ojitos," aka "Little Bear," aka "Oso," aka "Ojos," to possess cocaine or cocaine base with the intent to distribute it;

> Second, the defendant was at least eighteen years of age; and

> Third, the minor (Raymond VERA, aka Ramon Vera, aka "Ojitos," aka "Little Bear," aka "Oso," aka "Ojos,") was under the age of eighteen years.

Ninth Circuit Model Criminal Jury Instruction No. 9.25 (2010) [Controlled Substance-Employment of Minor to Violate Drug Laws (21 U.S.C. §§ 841(a) and 861(a)(1))]

38

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36

As to Counts Two and Three of the Superseding Indictment, the crime of possession with intent to distribute, in violation of Section 841(a)(1) of Title 21 of the United States Code, is violated if the government proves each of the following elements beyond a reasonable doubt:

First, Raymond VERA, aka Ramon Vera, aka "Ojitos," aka "Little Bear," aka "Oso," aka "Ojos," knowingly possessed cocaine or cocaine base;

Second, Raymond VERA, aka Ramon Vera, aka "Ojitos," aka "Little Bear," aka "Oso," aka "Ojos," possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of cocaine or cocaine base.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of cocaine or cocaine base.

It does not matter whether Raymond VERA, aka Ramon Vera, aka "Ojitos," aka "Little Bear," aka "Oso," aka "Ojos," knew that the substance was cocaine or cocaine base.  It is sufficient that the Raymond VERA, aka Ramon Vera, aka "Ojitos," aka "Little Bear," aka "Oso," aka "Ojos," knew that it was some kind of a prohibited drug.

(Page One of Two)

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of cocaine or cocaine base to another person, with or without any financial interest in the transaction.

(Page Two of Two)

Modified Ninth Circuit Model Criminal Jury Instruction No. 9.15 (2010) [Controlled Substance-Possession With Intent to Distribute (21 U.S.C. § 841(a))]

40

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 37

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

Ninth Circuit Model Criminal Jury Instruction No. 3.17 (2010) [Possession—Defined]

41

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Criminal Jury Instruction No. 5.6 (2010)

[Knowingly—Defined]

42

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

    If you find the defendants guilty of the charges in Count
One of the Superseding Indictment, you are then to determine
whether the government proved beyond a reasonable doubt the type
and amounts of the narcotics that each defendant conspired to
distribute or possess with intent to distribute.  Your
determination of the amounts and types of the narcotics involved
must be unanimous.  You are not limited to only selecting one
type of narcotic listed below if you find the defendants
conspired to distribute or possess with intent to distribute more
than one type of narcotic.

    Heroin: If you determine that the defendants conspired to
distribute or possess with intent to distribute heroin, you must
determine that the amount of heroin involved in the conspiracy
was 100 grams or more of a mixture or substance containing a
detectable amount of heroin or was less than 100 grams of a
mixture or substance containing a detectable amount of heroin.

    Cocaine:  If you determine that the defendants conspired to
distribute or possess with intent to distribute cocaine, you must
determine that the amount of cocaine involved in the conspiracy
was 500 grams or more of a mixture or substance containing a
detectable amount of cocaine or was less than 500 grams of a
mixture or substance containing a detectable amount of cocaine.

    Cocaine Base:  If you determine that the defendants
conspired to distribute or possess with intent to distribute

(Page One of Three)

43

cocaine base, you must determine that the amount of cocaine base involved in the conspiracy was 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, was at least 28 grams but less than 280 grams of a mixture or substance containing a detectable amount of cocaine base, or was less than 28 grams of a mixture or substance containing a detectable amount of cocaine base.

Methamphetamine:  If you determine that the defendants conspired to distribute or possess with intent to distribute methamphetamine, you must determine that the amount of methamphetamine involved in the conspiracy was 50 grams or more of methamphetamine, was at least 5 grams but less than 50 grams of methamphetamine, or was less than 5 grams of methamphetamine.

The government does not have to prove that the defendant knew the quantity of heroin, cocaine, cocaine base, or methamphetamine involved.

A defendant is responsible for the quantity of narcotics distributed or possessed with the intent to distribute if the defendant personally committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution or possession with intent to distribute of the narcotics.  In the case of jointly undertaken criminal activity, the defendant is responsible for all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.

(Page Two of Three)

44

"Jointly undertaken criminal activity" is a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others.

A defendant is not responsible for the conduct and loss caused by other participants prior to the defendant joining the criminal activity.

(Page Three of Three)

Ninth Circuit Model Criminal Jury Instruction No. 9.16 (2010) [Determining Amount of Controlled Substance]; U.S.S.G. § 1B1.3(a)(1)(A) and (B), and App. Note 2 (Nov. 2011 ed.) [Relevant Conduct].

45

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 40

You are instructed as a matter of law as follows:

Heroin is a Schedule I controlled substance.

Cocaine is a Schedule II controlled substance.

Cocaine base is a Schedule II controlled substance.

Methamphetamine is a Schedule II controlled substance.

See 21 U.S.C. § 812.

46

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 41

The Superseding Indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the Superseding Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1A O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 13.05 (6th ed. 2008) ["On or About" -- Explained].

47

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 42

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Criminal Jury Instruction No. 7.1 (2010)

[Duty to Deliberate]

48

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 43

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, Facebook, Twitter, or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

/ / /

/ / /

(Page One of Two)

49

1      The law requires these restrictions to ensure the parties
2  have a fair trial based on the same evidence that each party has
3  had an opportunity to address.  A juror who violates these
4  restrictions jeopardizes the fairness of these proceedings, and a
5  mistrial could result that would require the entire trial process
6  to start over.  If any juror is exposed to any outside
7  information, please notify the court immediately.

25                        (Page Two of Two)

26      Ninth Circuit Model Criminal Jury Instruction No. 7.2 (2010)

27      [Consideration of Evidence—Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 44

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instruction No. 7.3 (2010)

[Use of Notes]

51

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 45

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction No. 7.4 (2010)

[Jury Consideration of Punishment]

52

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 46

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instruction No. 7.5 (2010)

[Verdict Form]

53

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 47

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instruction No. 7.6 (2010)

[Communication with Court]

54

1
2
3
4
5
6
7
8
9
10                    **DISPUTED INSTRUCTIONS**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

A conspiracy may be proven from circumstantial evidence and may exist without the existence of a formal agreement.  Indeed, conspiracy can rarely be proved by direct evidence in light of the clandestine nature of the offense and the resultant difficulty of direct proof.  The elements may therefore be established by evidence of coordinated activities between the defendant and others.

1   Government's Position:

2        This is an accurate statement of the law which the

3   government believes is necessary for the jury to have a full

4   understanding of the law of conspiracy.  See United States v.

5   Ortega, 203 F.3d 675, 683 (9th Cir. 2000); United States v.

6   Kiriki, 756 F.2d 1449, 1453 (9th Cir. 1985); United States v.

7   Becker, 720 F.2d 1033, 1035 (9th Cir. 1983).  Moreover, the

8   government does not believe this proposed instruction is

9   duplicative of Ninth Circuit Pattern Instruction 9.19 as

10  defendants suggest.

11

12  Defendants' Position:

13       Defendants object to the proposed instruction as, in various

14  ways, cumulative and unnecessary (first sentence), unsupported by

15  law and contrary to Ninth Circuit pattern instructions, the law,

16  Due Process and general practice and argumentative (second

17  sentence), and argumentative, unsupported by law and contrary to

18  the law, other Ninth Circuit pattern instructions given and Due

19  Process (final sentence).

20       The first sentence of the offending instruction states: "[a]

21  conspiracy may be proven from circumstantial evidence and may

22  exist without the existence of a formal agreement."  The first

23  part of this sentence is already covered by Proposed Jury

24  Instruction ("PI") #25 ("You are to consider both direct and

25  circumstantial evidence. Either can be used to prove any fact.").

26  The second part of the sentence is already covered by PI #33

27  ("For a conspiracy to have existed, it is not necessary that the

28  conspirators made a formal agreement or that they agreed on every

57

1  detail").

2  The second sentence states: "[i]ndeed, <u>conspiracy can rarely</u>

3  <u>be proved by direct evidence</u> in light of the clandestine nature

4  of the offense and the resultant difficulty of direct proof"

5  (emphasis added).  By contrast, the case cited by the government

6  in support of this sentence, <u>United States v. Ortega</u>, 203 F.3d

7  675, 683 (9th Cir. 2000), states "<u>proof of a formal agreement is</u>

8  <u>very uncommon</u> given that most conspiracies are clandestine in

9  nature" (citations omitted).  This proposed instruction confuses

10  the difficulty of proving a <u>formal agreement</u> which, as discussed

11  in <u>Ortega</u> and PI #33 is not necessary to prove, with the burden

12  of proving a conspiracy, which is not discussed in <u>Ortega.</u>   In

13  addition to lacking legal support, defendants do not believe that

14  the statement that "conspiracies can rarely be proved by direct

15  evidence" because prosecutors often argue that cooperator

16  testimony describing the alleged conspiracy and evidence such as

17  wiretap conversations is direct evidence.

18  The third sentence states: "[t]he elements may therefore be

19  established by evidence of coordinated activities between the

20  defendant and others."  This is an inaccurate and incomplete

21  statement of the law which, if given, would violate due process

22  by altering the elements of the offense given and reducing the

23  government's burden of proof.  The elements of conspiracy are

24  given in PI #33, the Ninth Circuit Model Instruction on the

25  issue, which expressly states that "[i]t is not enough, however,

26  that they simply met, discussed matters of common interest, acted

27  in similar ways, or perhaps helped one another."  To assert, as a

28  matter of law, that each of those elements may be established

58

solely by "evidence of coordinated activities between the
defendant and others" purports to lessen the government's
burden.   The case cited in support, <u>United States v. Kiriki</u>, 756
F.2d 1449, 1453 (9th Cir. 1985) indicates concerted action will
support an inference of an agreement, but only if (1) "all the
parties [are] working together understandingly," and (2) there is
"a single design for the accomplishment of a common purpose."   A
second case cited by the government, <u>Ortega</u>, 203 F.3d at 683,
acknowledges that "evidence of coordinated activities between
defendants is convincing circumstantial evidence of an
agreement," but the <u>Ortega</u> analysis does not stop there.   The
coordinated activities are evaluated for the degree of
coordination and other factors such as frequency of contacts and
commonality of time and goals. <u>Id.</u>   Further, the existence of an
agreement is only one element and the proposed instruction states
that the evidence described could be proof all elements.

        Lastly, the Ninth Circuit Model Instructions recognize the
"danger and inutility of permissive inference instructions."
(9th Cir. Model Criminal Instruction 1.5, Comment).   The Ninth
Circuit "Committee believes that an instruction on circumstantial
evidence generally eliminates the need to explain the same
principle in terms of inferences, and that matters … are
generally better left to argument of counsel as examples of
circumstantial evidence from which the jury may find another
fact." <u>Id.</u>

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

Count One of the Superseding Indictment alleges that in furtherance of the charged conspiracy, several overt acts were committed.  An overt act is a physical act committed by a member of the conspiracy in furtherance of the objective of the conspiracy.  While the Superseding Indictment alleges that a number of overt acts were committed in furtherance of the conspiracy, the government need not prove that any overt act was in fact committed.  Rather, the government must prove beyond a reasonable doubt only that the charged conspiracy existed and that the defendant became a member of the charged conspiracy knowing of its objective and intending to help accomplish it. Proof of the commission of one or more alleged overt acts is evidence that you may consider in determining whether the charged conspiracy existed and whether the defendant was a knowing and willful member of the conspiracy.

Government's Position:

     The government is not required to prove that an overt act
occurred to establish a violation of Title 21, United States
Code, Section 846.   See United States v. Shabani, 513 U.S. 10
(1994).   Therefore, the government believes this is an accurate
statement of the law and necessary for the jury to have a full
understanding of the law of conspiracy.


Defendants' Position:

     Defendants object to this instruction because it is
unnecessary, cumulative, confusing, and misleading.   The case
cited in support of the instruction, United States v. Shabani,
513 U.S. 10 (1994), stands only for the proposition that an overt
act is not an element of a drug conspiracy.   Instructions No. 33
and 34 already cover the elements of conspiracy for use in this
case, and those elements do not include overt acts.   Shabani does
not otherwise support the language in the proposed instruction.
There is no need for this instruction to define an overt act
(second sentence), explain its insignificance (third sentence),
restate what the government must prove (fourth sentence), and
classify the proof of overt acts as anything other than general
evidence (fifth sentence).   As with PI #1, in purporting to
restate the elements and discussing what need and need not be
proven, it confuses the instructions regarding the elements given
in Nos. 33-34.

61

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

1   <u>Government's Position</u>:

2        The government believes this is an accurate statement of the

3   law and is necessary for the jury to understand the mens rea

4   required.   <u>See</u> 1A O'Malley, et al., <u>Federal Jury Practice and</u>

5   <u>Instructions</u>, § 17.07 (5th ed. 2000) [Proof of Knowledge or

6   Intent].

7

8   <u>Defendants' Position</u>:

9        Defendants object to this proposed instruction, which

10  defines "knowingly" because PI #39 already contains the Ninth

11  Circuit model instruction regarding "Knowingly" and is unduly

12  argumentative.   In addition, in describing types of evidence

13  which may be used, it is duplicative of other instructions.   To

14  the extent it refers to what inference may be drawn, such matters

15  are better left to the arguments of counsel.